UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEAN M. LIKE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1566 JCH |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Sean M. Like's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed August 23, 2010. (ECF No. 1). The matter is fully briefed and ready for disposition.

On March 28, 2008, Petitioner entered a blind plea of guilty in the Circuit Court of St. Louis County, Missouri, to one count of second degree murder, one count of leaving the scene of an accident, one count of first degree tampering, and one count of resisting arrest. Petitioner was sentenced to twenty-five years imprisonment on the murder count, four years imprisonment on the leaving the scene of an accident count, seven years imprisonment on the tampering count, and four years imprisonment on the resisting arrest count, with all sentences to run concurrently. Petitioner did not appeal his convictions or sentences. Petitioner did file a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, which was denied without an evidentiary hearing. The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Like v. State, 308 S.W.3d 301 (Mo. App. 2010).

Petitioner is currently incarcerated at the South Central Correctional Center in Licking, Missouri. In the instant petition for writ of habeas corpus, Petitioner makes the following two claims for relief:

(1) That Petitioner received ineffective assistance of counsel, in that plea counsel induced Petitioner into pleading guilty by promising Petitioner he would receive a sentence of between ten and twelve years imprisonment; and

(2) That Petitioner received ineffective assistance of counsel, in that plea counsel failed to conduct a reasonable investigation.

(ECF No. 1, PP. 5-8).

## DISCUSSION

### A. Non-Cognizable Claims

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990); 28 U.S.C. § 2254(a). Claims that do not reach constitutional magnitude cannot be addressed in a petition for habeas corpus. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991).

In his reply brief, Petitioner asserts his "actual grounds for relief are in the context of the fact that he was 'denied an evidentiary hearing,' on the grounds raised in his post-conviction motion, and that he was indeed prejudiced thereby..." (ECF No. 8, P. 1). "Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." Williams-Bey, 894 F.2d at 317. See also Williams v. State of Missouri, 640 F.2d 140, 143-44 (8th Cir.), cert. denied, 451 U.S. 990 (1981). Petitioner's claim that the post-conviction motion court erred in denying his motion without holding an evidentiary hearing is collateral to his conviction and detention, and therefore is not cognizable in a federal habeas petition. Williams-Bey, 894 F.2d at 317. Grounds 1 and 2 must therefore be denied on that basis.

### B. Claims Addressed On The Merits[1]

---

[1] In an abundance of caution, the Court continues to address Petitioner's claims on the merits.

- 2 -

**1.  Ground 1**

In Ground 1 of his petition, Petitioner claims he received ineffective assistance of counsel, in that plea counsel induced Petitioner into pleading guilty by promising Petitioner he would receive a sentence of between ten and twelve years imprisonment. (ECF No. 1, PP. 6-7). Petitioner contends that as a result of this alleged ineffective assistance of counsel, his plea of guilty was neither intelligently nor voluntarily made. (Id.). Petitioner raised this claim before the 24.035 motion court, which held as follows:

FINDINGS OF FACT

13. Movant's[2] point 8.a. is that the Movant's counsel was ineffective for advising Movant that if he entered a "blind plea" of guilty to the charges against him he would receive between a ten and twelve year sentence of imprisonment. Trial counsel's advice induced Movant to enter into a plea of guilty and if not for trial counsel's promises, Movant would not have plead guilty.

    It is well settled that a disappointed hope of a lesser sentence doesn't make a plea involuntary. McMahon v. State, 569 S.W.2d 753, 758 (Mo. banc 1978). Movant was not entitled to post conviction relief on the basis that guilty plea was involuntary because he erroneously believed that he would be eligible for parole; the guilty plea transcript was completely devoid of any hint that Movant would be eligible for parole, Movant did not allege, either in pro se or amended motions, that anyone made any promises to him relating to parole, and plea transcript revealed that Movant specifically denied that any promises were made. McCall v. State, 771 S.W.2d 358 (Mo. App. 1989).

    In this case, Movant never claimed any promises where [sic] made to him about receiving ten to twelve years....

CONCLUSIONS OF LAW

1. In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. A criminal defendant must satisfy both performance prong and prejudice prong to prevail on an assistance of counsel claim. Sanders v. State, 738 S.W.2d 856, 857

---

[2] Petitioner is referred to as Movant by the Missouri State courts.

(Mo. banc 1987).

2. ....To show the required prejudice for an ineffective assistance of counsel claim, the facts alleged must show a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. State v. Carter, 955 S.W.2d 548, 553-554 (Mo. banc 1997).

3. Movant's counsel provided effective assistance of counsel.

4. Movant was not denied any rights under the provisions of the Missouri Constitution of [sic] the United States Constitution.

(Resp. Exh. A, PP. 109-110, 119-120). Petitioner advanced this claim on appeal of the denial of his 24.035 motion, and the Missouri Court of Appeals denied the claim as follows:

> Generally speaking, a guilty plea renders a claim of ineffective assistance of counsel irrelevant except to the extent that it affects the voluntariness and knowledge with which the guilty plea was made. Simmons v. State, 100 S.W.3d 143, 146 (Mo. App. 2003). To prevail on a claim of ineffective assistance of counsel, a movant must plead and prove that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced by his counsel's failure to perform. Deck v. State, 68 S.W.3d 418, 425 (Mo. banc 2002). To prove prejudice following a guilty plea, movant must establish that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hagan v. State, 836 S.W.2d 459, 464 (Mo. banc 1992)....

> Movant asserts that counsel was ineffective for allegedly representing that a blind plea would result in a shorter prison term, i.e., 10-12 years. Movant claims that, due to counsel's misinformation, his plea was unknowing, unintelligent, and involuntary.

> Mistaken beliefs about sentencing affect a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and based on a positive representation upon which the movant is entitled to rely. Dorsey v. State, 15 S.W.3d 842, 845 (Mo. banc 2003). When a movant claims he pleaded guilty because he was misled by counsel or he had a mistaken belief about his sentence, then the court must determine whether a reasonable basis exists in the record for the movant's belief. Vernor v. State, 894 S.W.2d 209, 210 (Mo. App. 1995).

> Here, the record refutes Movant's claim. The trial court repeatedly asked Movant if he received any representations or promises regarding the length of his sentence, and Movant repeatedly answered in the negative. Movant indicated that he understood the range of punishment and was satisfied with counsel's representation. This court will uphold a motion court's denial of post-conviction relief without a

hearing on such a record. See Allen v. State, 233 S.W.3d 779, 784-785 (Mo. App. 2007). Point denied.

(Resp. Exh. E, PP. 3-4).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decisions of the Missouri courts are entitled to deference. In order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).[3] Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. In the context of a guilty plea, to

---

[3] The Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

demonstrate prejudice Petitioner must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill, 474 U.S. at 59. Further, after entry of a guilty plea, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. Porter v. State, 678 S.W.2d 2, 3 (Mo. App. 1984).

In the instant case, the Court finds Petitioner fails to satisfy either prong of the Strickland test. Rather, as noted above, during the guilty plea proceeding Petitioner testified that he understood both the range of punishment attendant to each of his charges, and that the court was free to consider the full range of punishment in sentencing Petitioner. (Resp. Exh. A, PP. 23-25).[4] Petitioner further testified that no one had made any promises or threats to induce his guilty plea, that his attorney had not refused to comply with any of his requests, that he had been given enough time to discuss his case with his attorney and Mr. Sims[5] had done everything he requested, and that he had no complaints or criticisms of his attorney. (Id., PP. 24-25).[6] Finally, when the trial court questioned Petitioner regarding his understanding of his plea and the incident waiver of rights, Petitioner testified that he understood his rights, and was pleading guilty because he was guilty. (Id.).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). In light of the foregoing, this Court finds that Petitioner voluntarily pled guilty, and further received effective assistance of counsel. Smith, 921 F.2d at 157. Ground 1 is denied.

---

[4] When the state court judge specifically asked Petitioner whether any representations had been made to him regarding "what the sentence will automatically be that the Court would impose in this case," Petitioner responded, "No, sir." (Resp. Exh. A, P. 25).

[5] Mr. Paul Sims was Petitioner's attorney in the underlying criminal matter.

[6] Movant reiterated both the absence of threats inducing his guilty plea, and his satisfaction with counsel, during his sentencing proceeding. (Resp. Exh. A, P. 34).

**2. Ground 2**

In Ground 2 of his petition, Petitioner claims he received ineffective assistance of counsel, in that plea counsel failed to conduct a reasonable investigation. (ECF No. 1, PP. 5-6, 8). Specifically, Petitioner claims counsel failed to contact and interview two potential defense witnesses. (Id., P. 6). Petitioner raised this claim before the 24.035 motion court, which held as follows:

FINDINGS OF FACT

14. Movant's point 8.b. is that trial counsel was ineffective for failing to conduct an investigation into the charges against him. Specifically, counsel failed to contact and interview witnesses that could have provided Movant a defense at trial.

   In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. A criminal defendant must satisfy both performance prong and prejudice prong to prevail on an effective assistance of counsel claim. Sanders v. State, 738 S.W.2d 856, 857 (Mo. banc 1987).

   During the plea Movant answered the Court's following questions:

   > Now, Mr. Paul Sims is your attorney in this matter, is that correct?
   >
   > Yes, Your Honor.
   >
   > You are satisfied with his representation of you?
   >
   > Yes, Your Honor.
   >
   > Is there anything about his representation of you with which you are dissatisfied?
   >
   > No, Your Honor.
   >
   > Is there anything you think he should have done that he hasn't done?
   >
   > No, Your Honor.
   >
   > Is there anything you think he should not have done that he did over your objections?

> No, Your Honor.
>
> Has he put any pressure on you or in any way forced you to enter a plea of guilty to any of these charges?
>
> No, Your Honor.

(Pl. Tr. p. 5, lines 20-25, p. 6, lines 1-13).

During the sentencing and after Movant had been sentenced to twenty-five years he answered the Court's following questions:

> Now, my records reveal that your attorney in this matter is Mr. Paul Sims, is that correct?
>
> Yes, Your Honor.
>
> Has he represented you from the beginning?
>
> Yes, Your Honor.
>
> Have you had other attorneys representing you?
>
> No, Your Honor.
>
> He was present with you for both the pleas of guilty and the sentencing, is that correct?
>
> Yes, Your Honor.
>
> Did you have sufficient opportunity to discuss this matter with your attorney before you entered your plea of guilty?
>
> Yes, Your Honor.
>
> Was there anything you asked him to do that he did not do?
>
> No, Your Honor.
>
> Was there anything that you asked him not to do that he did over your objections?
>
> No, Your Honor.
>
> Do you know if he was helped by any other attorney or by an investigator?

No, Your Honor.

Whether you're satisfied with the ultimate outcome of the case, are you satisfied with the services rendered to you by your attorney in this matter?

Yes, Your Honor.

(S. Tr. p. 22, lines 1-24, p. 23, lines 13-17)

Movant never claimed at the plea or sentencing that counsel failed to contact and interview witnesses for his case. Movant stated at the plea and sentencing that counsel did everything he asked him to do and was satisfied with his representation. Movant's point 8.b is refuted on the record and denied.

(Resp. Exh. A, PP. 117-119). Petitioner advanced this claim on appeal of the denial of his 24.035 motion, and the Missouri Court of Appeals denied the claim as follows:

Movant contends that counsel was ineffective for failing to investigate two potential witnesses, Dareisha Rhodes and Jashua Henderson, who would have testified that Movant was unaware that the car in which he fled was stolen, thus refuting the tampering charge upon which the felony murder charge was predicated. Movant claims that, but for counsel's failure, he would not have pled guilty but would have proceeded to trial.

"[B]y entering a guilty plea, a movant generally waives any future complaint about trial counsel's failure to investigate." Thurman v. State, 263 S.W.3d 744, 754 (Mo. App. 2008). Ineffective assistance for failure to call a witness requires the defendant to show that: (1) counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense. Edwards v. State, 200 S.W.3d 500, 518 (Mo. banc 2006).

With respect to the first prong, the State notes that counsel might have known about Mr. Henderson but could not have known about Ms. Rhodes. Regarding the second and third prongs, the State submits that Movant's assertion that these witnesses could be easily located and would testify is speculative and conclusory. Fourth, the State asserts that, even assuming *arguendo* that the witnesses' testimony refuted the tampering charge, the resisting arrest charge provided an alternative basis for the felony murder charge, and therefore no prejudice resulted. The State also observes that the witnesses' potential testimony conflicts with Movant's own admission on the record. Lastly, as the motion court also reasoned, Movant confirmed his satisfaction with counsel and specifically indicated that counsel did everything requested.

> Having reviewed the record, we agree that Movant's allegations are refuted by the record and no prejudice occurred. Movant had multiple opportunities to raise any deficiencies in counsel's overall performance but expressed no reservations. This court will uphold a motion court's denial of post-conviction relief without a hearing on such a record. See Thurman, 263 S.W.3d at 754; Boyd v. State, 205 S.W.3d 334, 339-340 (Mo. App. 2006). Moreover, Movant's sworn admission --that he knowingly and without the consent of the owner unlawfully operated a motor vehicle--directly contradicts his assertion that witnesses would testify otherwise. We find no error in the motion court's findings and conclusions on this record. Point denied.

(Resp. Exh. E, PP. 4-6).

Upon consideration, this Court finds the decisions of the Missouri courts are entitled to deference, because Petitioner again fails to demonstrate his attorney's performance was constitutionally deficient. Rather, as noted above, during the guilty plea proceeding Petitioner testified that his attorney had not refused to comply with any of his requests, that he had been given enough time to discuss his case with his attorney and Mr. Sims had answered all his questions, and that he had no complaints or criticisms of his attorney. (Resp. Exh. A, PP. 24-25). Petitioner reiterated his satisfaction with his attorney's performance during his sentencing proceeding. (Id., P. 34). The Missouri courts' findings thus are entitled to deference, and so Ground 2 of Petitioner's petition must be denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox

v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

**IT IS FURTHER ORDERED** that Petitioner's Motion for Stay of Abeyance (ECF No. 9) is **DENIED**.

Dated this   9th   day of September, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE